1

2

3

4

5

6

7

8

9                    IN THE UNITED STATES DISTRICT COURT

10                     FOR THE DISTRICT OF OREGON

11   SHERRY PARRISH,                    )
                                        )
12                    Plaintiff,        )
                                        )        No.  CV-08-969-HU
13        v.                            )
                                        )
14   MICHAEL J. ASTRUE,                 )
     Commissioner of Social            )
15   Security,                          )        FINDINGS & RECOMMENDATION
                                        )
16                    Defendant.        )
     _____)
17   Tim Wilborn
     WILBORN LAW OFFICES
18   P.O. Box 2768
     Oregon City, Oregon 97045
19
           Attorney for Plaintiff
20
     Kent S. Robinson
21   ACTING UNITED STATES ATTORNEY
     District of Oregon
22   Adrian L. Brown
     ASSISTANT UNITED STATES ATTORNEY
23   1000 S.W. Third Avenue, Suite 600
     Portland, Oregon 97204-2902
24
     L. Jamala Edwards
25   SPECIAL ASSISTANT UNITED STATES ATTORNEY
     Social Security Administration
26   Office of the General Counsel
     701 Fifth Avenue, Suite 2900 M/S 901
27   Seattle, Washington 98104-7075

28         Attorneys for Defendant


1 - FINDINGS & RECOMMENDATION

HUBEL, Magistrate Judge:

Plaintiff Sherry Parrish brings this action for judicial review of the Commissioner's final decision to deny supplemental security income (SSI). This Court has jurisdiction under 42 U.S.C. § 405(g) (incorporated by 42 U.S.C. § 1383(c)(3)).

The Commissioner concedes that the case should be remanded. The only issue remaining is whether the remand is for a determination of benefits, or for additional proceedings before the Administrative Law Judge (ALJ). I recommend that the case be remanded for a determination of benefits.

PROCEDURAL HISTORY

Plaintiff filed for SSI on October 10, 2003. Tr. 10, 61-64. Her application was denied initially and upon reconsideration. Tr. 32-33. On August 17, 2005, plaintiff, represented by counsel, appeared for a hearing before the ALJ. Tr. 204-231. On September 15, 2005, the ALJ found plaintiff not disabled. Tr. 10-16. The Appeals Council denied plaintiff's request for review of the ALJ's decision. Tr. 4-6.

Plaintiff then sought judicial review of the ALJ's decision. The case was assigned to Judge Hogan. Based on the stipulation of the parties, by order dated Marsh 12, 2007, Judge Hogan reversed the final order of the ALJ and remanded the matter to the ALJ for a de novo hearing. Parrish v. Commissioner, No. CV-06-685-HO (D. Or. Mar. 12, 2007) (dkt #24). Tr. 245-46. Judge Hogan ordered that

> [o]n remand, the [ALJ] will re-evaluate the medical evidence, in particular the opinion of Dr. Johnson. The ALJ will consult with a mental health medical expert in determining the nature and severity of Plaintiff's mental impairments. In addition, the ALJ will obtain

2 - FINDINGS & RECOMMENDATION

supplemental evidence from a vocational expert to clarify the effect of all the assessed limitations on the occupational base, including the restriction to simple, routine, and repetitive work.

Id.

Upon remand, plaintiff was referred by her disability examiner to psychologist Richard M. Kolbell, Ph.D, for a psychodiagnostic evaluation. Tr. 282-92. The evaluation took place in October 2007. Id. Next, the ALJ conducted a supplemental hearing on February 6, 2008. Tr. 316-36. Although a vocational expert (VE) was present at the hearing, the ALJ took no testimony from the VE. Id.

On April 22, 2008, the ALJ found plaintiff not disabled. Tr. 232-44. Pursuant to 20 C.F.R. § 416.1484(d), the ALJ's decision became the final decision of the Agency. Plaintiff then filed this action for judicial review.

DISCUSSION

Plaintiff contends that the ALJ erred in several respects, including improperly rejecting the opinions of plaintiff's examining psychologists, improperly rejecting plaintiff's testimony, and failing to address third-party lay witness testimony. In the motion for remand, the Commissioner concedes that the ALJ erred in evaluating the record and that the ALJ's errors compel reversal of the ALJ's decision. Deft's Mem. in Sup. of Remand at pp. 6, 8. As noted above, the only issue remaining is whether the remand should be for additional evidence or for a determination of benefits.

Defendant argues that remand for additional evidence is appropriate here because "there are unresolved issues" and the

3 - FINDINGS & RECOMMENDATION

1   record does not clearly require a finding of disability. <u>Id.</u> at

2   pp. 6, 7.  Defendant requests a remand so that the ALJ can (1)

3   "fully address and explain the weight assigned to the medical

4   evidence as a whole"; (2) "reassess Plaintiff's maximum residual

5   functional capacity"; (3) "re-evaluate the subjective testimony";

6   (4) "Perform new step four, and if necessary step five analyses";

7   and (5) "obtain vocational expert testimony." <u>Id.</u> at p. 8.

8        Defendant acknowledges the Ninth Circuit's "crediting as true

9   rule," but contends that the Court's application of it is

10  discretionary. Defendant, citing <u>Connett v. Barnhart</u>, 340 F.3d 871

11  (9th Cir. 2003), argues that the Court retains flexibility in

12  applying the "crediting as true" rule to improperly rejected

13  evidence and that the Court may instruct an ALJ to reevaluate such

14  evidence on remand.

15       In a 2004 Findings & Recommendation, I previously rejected

16  defendant's argument. In <u>Kirkpatrick v. Barnhart</u>, No. CV-03-657-HU

17  (D. Or. July 22, 2004), I explained as follows:

18       When an ALJ improperly rejects evidence, as occurred here
         in the rejection of the opinions of the three examining
19       psychologists, the court should credit such evidence and
         remand for an award of benefits when:  "'(1) the ALJ
20       failed to provide legally sufficient reasons for
         rejecting such evidence, (2) there are no outstanding
21       issues that must be resolved before a determination of
         disability can be made, and (3) it is clear from the
22       record that the ALJ would be required to find the
         claimant disabled were such evidence credited.'" <u>Moore
23       v. Commissioner</u>, 278 F.3d 920, 926 (9th Cir. 2002)
         (quoting <u>Smolen v. Commissioner</u>, 80 F.3d 1273, 1292 (9th
24       Cir. 1996)); <u>see</u> <u>also</u> <u>Lester [v. Chater]</u>, 81 F.3d [821,]
         834 [(9th Cir. 1995)] ("Where the Commissioner fails to
25       provide adequate reasons for rejecting the opinion of a
         treating or examining physician, we credit that opinion
26       'as a matter of law.'").

27       * * *

28       . . . [D]efendant argues that remand for an award of

4 - FINDINGS & RECOMMENDATION

benefits is not required.  Defendant suggests that the
"crediting as true" rule is no longer mandatory.  In
Connett v. Barnhart, 340 F.3d 871 (9th Cir. 2003), the
Ninth Circuit, in a panel decision, stated that it was
not convinced that the rule was mandatory.  Id. at 876.
The Connett court noted that despite the compulsory
language found in certain Ninth Circuit cases, other
Ninth Circuit cases have remanded for the ALJ to
articulate specific findings for rejecting the
claimant's subjective testimony.  Id.  The court
concluded that it had flexibility in applying the
"crediting as true" rule.

     I agree with plaintiff that earlier Ninth Circuit
cases suggesting that the "crediting as true" rule is
mandatory, are the cases that should guide the district
court.  The rule was firmly established in Varney v.
Secretary, 859 F.2d 1396 (9th Cir. 1988).  The issue
there was whether the Ninth Circuit should adopt the
"crediting as true" rule of the Eleventh Circuit.  In
adopting the rule, the Ninth Circuit noted that the rule
promotes certain objectives:  "Requiring the ALJs to
specify any factors discrediting a claimant at the first
opportunity helps to improve the performance of the ALJs
by discouraging them from reaching a conclusion first,
and the attempting to justify it by ignoring competent
evidence in the record that suggests an opposite result."
Id. at 1398 (internal quotation omitted).  The court also
noted that the rule "helps to ensure that pain testimony
will be carefully assessed and its importance recognized"
and that it avoids "unnecessary duplication in the
administrative hearings and reduces the administrative
burden caused by requiring multiple proceedings in the
same case."  Id.  The court stated that most importantly,
"by ensuring that credible claimants' testimony is
accepted the first time around, the rule reduces the
delay and uncertainty often found in this area of the
law[,]" and "ensures that deserving claimants will
receive benefits as soon as possible."  Id. at 1398-99
(internal quotation and citation omitted).

     The rule has been followed and reaffirmed in
numerous subsequent Ninth Circuit cases.  E.g., Edlund v.
Massanari, 253 F.3d 1152, 1160 (9th Cir. 2001); Harman v.
Apfel, 211 F.3d 1171, 1178-79 (9th Cir. 2000); Lester, 81
F.3d at 834; Reddick [v. Chater], 157 F.3d [715,] 728
[(9th Cir. 1998)].  While Connett notes a handful of
cases that have failed to follow the rule, a circuit
court panel has no authority to disavow the holdings of
a prior panel.  E.g., Baker v. City of Blaine, 221 F.3d
1108, 1110 n.2 (9th Cir. 2000).  That certain panels have
failed to apply the rule adopted by a prior panel is no
basis for the district court to ignore the law
established by the earlier panel.  Thus, I follow the
"crediting as true" rule.

5 - FINDINGS & RECOMMENDATION

1  <u>Kirkpatrick</u>, Findings & Rec. at pp. 39-42.

2      Judge Marsh adopted the <u>Kirkpatrick</u> Findings & Recommendation
3  in a September 13, 2004 Order.  In doing so, he noted that <u>Connett</u>
4  and other cases in which the court had exercised discretion in
5  applying the "crediting as true" doctrine involved only instances
6  where the issue was whether to credit the claimant's subjective
7  pain testimony and that "[n]o case law suggest[ed] that this
8  discretionary principle likewise applies to crediting as true
9  improperly rejected medical reports." <u>Kirkpatrick</u>, Order at p. 3
10 (D. Or. Sept. 13, 2004).

11     Following Judge Marsh's September 13, 2004 Order, the
12 defendant moved to reconsider, arguing that the "crediting as true"
13 doctrine was not mandatory in instances where the issue is whether
14 to credit as true improperly rejected medical reports.  Judge Marsh
15 denied the motion in an October 28, 2004 Order.  There, Judge Marsh
16 noted the three-part test in <u>Smolen</u>, quoted in <u>Kirkpatrick</u>, above,
17 and further noted that if "'the <u>Smolen</u> test is satisfied with
18 respect to the improperly rejected medical evidence, then remand
19 for determination and payment of benefits is warranted regardless
20 of whether the ALJ *might* have articulated a justification for
21 rejecting the medical opinion.' <u>Harman</u>, 211 F.3d at 1179 (emphasis
22 in original." <u>Kirkpatrick</u>, Order at p. 3 (D. Or. Oct. 28, 2004)
23 (brackets omitted).  Judge Marsh concluded that I had properly
24 concluded that the <u>Smolen</u> test was satisfied when crediting the
25 improperly rejected medical reports of the three examining
26 psychologists.  <u>Id.</u> at p. 4.  Thus, he concluded I did not err in
27 following the crediting as true rule in the case.  Finally, he
28 alternatively concluded that even if the rule were discretionary,

6 - FINDINGS & RECOMMENDATION

1   there was no utility in a remand for further development of the

2   record and thus, there was good reason to credit as true the

3   improperly rejected testimony.

4       I adhere to my analysis in <u>Kirkpatrick</u>.  First, I reject

5   defendant's argument that <u>Connett</u> changed the law.  Second, if it

6   did, it did so only as to improperly rejected subjective pain and

7   limitations testimony, not medical opinions and evidence.  Third,

8   under the three-part <u>Smolen</u> test, it is appropriate in this case to

9   credit the improperly rejected testimony.  Fourth, even if the

10  application of the credit as true rule is not mandatory for

11  improperly rejected medical testimony, I exercise my discretion in

12  favor of recommending its application here.

13      Defendant has conceded that the ALJ erred in evaluating the

14  record.  In its briefing on the remand motion, defendant does not

15  expressly identify the errors he concedes the ALJ made.  Defendant

16  does, however, refer to "errors" in the plural and he expressly

17  notes that the ALJ erred in evaluating the record.  Importantly,

18  defendant's list of issues that it would like the ALJ to reevaluate

19  upon defendant's requested remand compels the conclusion that

20  defendant agrees with plaintiff that the ALJ erred in rejecting the

21  examining psychologists' evidence.  Thus, the first factor under

22  the <u>Smolen</u> test is met.

23      Psychologist Jim Johnson, Ph.D., examined plaintiff on

24  September 7, 2004.  Tr. 177-84.  Dr. Johnson performed a clinical

25  interview of plaintiff and conducted approximately eight separate

26  psychological tests.  Tr. 177.

27      In his report, Dr. Johnson noted that plaintiff was

28  "distractible" and had difficulty with focus and concentration.

7 - FINDINGS & RECOMMENDATION

Id.  He further noted plaintiff's complaints of poor energy, difficulty with sleep onset and duration, with nighttime awakening, and decreased appetite resulting in an approximate twenty-pound weight loss in the previous year.  Tr. 178.  He also noted her complaint of being tired all the time.  Tr. 179.  He found her cooperative on testing and putting a good effort into everything she did.  Id.

Dr. Johnson's Axis I impressions were (1) major depressive disorder, severe without psychotic features; (2) adjustment disorder with anxious mood; and (3) cognitive disorder, secondary to depression.  Tr. 181.  He also opined that she had a Global Assessment of Functioning (GAF) score of 50.  Id.

In his narrative summary, Dr. Johnson wrote that

[Plaintiff] . . . is severely depressed and is having significant impairment in her cognitive processing as a result.  She is having difficulty coping on a day to day basis and although she can complete most of the tasks of daily living, she does this with considerable effort and intermittent tearfulness.  Her impairments in concentration and mood are sufficient to make her an unacceptable candidate for employment.

It is likely that she would have difficulty maintaining her mood appropriate to be in social situations and that minimal amounts of stress would be overwhelming to her. She is likely to have difficulty with hearing and responding to directions, staying focused and being able to keep her mind on her work.  This is complicated by the fact that she has not worked since the early 1970's and has not developed job skills.  In her current state of mind she is a poor candidate for vocational rehabilitation.

Tr. 182.

In the impairment rating section of his report, Dr. Johnson assessed plaintiff as having a marked limitation in social functioning, a marked limitation in concentration, persistence, or pace, and a moderate impairment in restrictions in activities of

8 - FINDINGS & RECOMMENDATION

daily living.  Tr. 183.  He also concluded that she had suffered three or four episodes of decompensation.  Tr. 184.  Finally, he stated that plaintiff demonstrated a residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause her to decompensate.  Id.

Dr. Kolbell examined plaintiff in October 2007.  Tr. 282-91. His Axis I diagnoses were of (1) generalized anxiety disorder with prominent social anxiety; (2) panic disorder without agoraphobia; and (3) dysthymia.  Tr. 286.  He noted that plaintiff "clearly suffers from anxiety," including "appear[ing] broadly anxious in more circumstances than not over a fairly constant period[,]" "social anxiety features that are longstanding," and "panic attacks." Tr. 286.  He assessed her as having moderate limitations in interactions with supervisors, and the ability to respond appropriately to usual work situations and to changes in a routine work setting.  Tr. 290.  He also assessed her as having mild limitations on interactions with the public and with co-workers. Id.

In both of his decisions, the ALJ rejected Dr. Johnson's opinion of plaintiff's limitations.  Tr. 14, 239-40.  In his April 2008 decision, the ALJ rejected Dr. Kolbell's mild and moderate limitations.  Tr. 243.

In his September 15, 2005 decision, the ALJ discussed whether plaintiff met the criteria for Listed Impairment 12.04 concerning affective disorders.  Tr. 13; see 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.04.  The ALJ noted that Listing 12.04 required medical documentation of a disturbance of mood, accompanied by a full or

9 - FINDINGS & RECOMMENDATION

1   partial manic or depressive syndrome.  Id.  He also noted that

2   satisfaction of both the (A) and then the (B) or (C) criteria were

3   required for the plaintiff to be considered disabled under the

4   listing.  He concluded that the plaintiff had failed to meet the

5   section (B) criteria because she failed to demonstrate a marked

6   level of impairment in the categories described in section (B).

7   Id.  He also concluded that she failed to meet the section (C)

8   criteria.  Id.

9       The ALJ reached a similar conclusion in his 2008 decision.

10  Tr. 241.  There, he addressed Listed Impairments 12.04 and 12.06.

11  He concluded, in plaintiff's favor, that she has mental health

12  impairments consistent with the 12.04 and 12.06 listings.  Id.

13  But, he again found that her section (B) limitations were only mild

14  or moderate, and thus, she had no marked limitations to satisfy the

15  section (B) criteria.  Id.  He also found none of the section (C)

16  criteria established by the medical evidence.  Id.

17      The ALJ's findings indicate that plaintiff satisfied the

18  section (A) criteria for Listed Impairments 12.04 and 12.06.  When

19  Dr. Johnson's opinion is credited as true, plaintiff satisfies the

20  requirement of section (B) that she have a marked limitation in at

21  least two of the following functions: (1) activities of daily

22  living; (2) maintaining social functioning; (3) maintaining

23  concentration, persistence, or pace; or (4) the presence of

24  repeated episodes of decompensation, each of extended duration.  20

25  C.F.R. Pt. 404, Subpt. P, App. 1, §§ 12.04, 12.06.  As noted

26  above, Dr. Johnson concluded that plaintiff had marked limitations

27  in social functioning and in maintaining concentration,

28  persistence, and pace.  Thus, plaintiff meets the section (B)

1  criteria.

2      With this, the second and third parts of the <u>Smolen</u> test are

3  satisfied.  When Dr. Johnson's opinions are credited, it is clear

4  that the record would require the ALJ to find plaintiff disabled.

5  There are no outstanding issues to discuss.  The case should be

6  remanded for an award of benefits.

7      Finally, even if the crediting as true rule were

8  discretionary, I apply it in this case.  Given Dr. Johnson's

9  testimony, there is no utility in remanding for additional

10 proceedings.  Furthermore, as the Ninth Circuit explained in a 2004

11 case:

> 12  we need not return the case to the ALJ to make a residual
>      functional capacity determination a second time.
> 13  Allowing the Commissioner to decide the issue again would
>      create an unfair "heads we win; tails, let's play again"
> 14  system of disability benefits adjudication.  <u>See</u> <u>Moisa</u>
>      <u>[v. Barnhart]</u>, 367 F.3d [882,] 887 [(9th Cir. 2004)]
> 15  (noting that the "Commissioner, having lost this appeal,
>      should not have another opportunity ... any more than
> 16  Moisa, had he lost, should have an opportunity for remand
>      and further proceedings").
>
> 17
>
> 18  Remanding a disability claim for further proceedings can
>      delay much needed income for claimants who are unable to
> 19  work and are entitled to benefits, often subjecting them
>      to "tremendous financial difficulties while awaiting the
> 20  outcome of their appeals and proceedings on remand."
>      <u>Varney</u>, 859 F.2d at 1398.  Requiring remand for further
> 21  proceedings any time the vocational expert did not answer
>      a hypothetical question addressing the precise
> 22  limitations established by improperly discredited
>      testimony would contribute to waste and delay and would
> 23  provide no incentive to the ALJ to fulfill her obligation
>      to develop the record.  <u>See</u>, <u>e.g.</u>, <u>Celaya v. Halter</u>, 332
> 24  F.3d 1177, 1183 (9th Cir. 2003) (reversing the denial of
>      disability benefits where the ALJ failed in his duty to
>      fully and fairly develop the record).
>
> 25

26 <u>Benecke v. Barnhart</u>, 379 F.3d 587, 595 (9th Cir. 2004).  Here,

27 defendant has twice conducted de novo hearings in plaintiff's case

28 and twice rendered a decision with legal errors requiring remand.

11 - FINDINGS & RECOMMENDATION

The crediting as true rule is properly applied in this case because it is clear that the improperly discredited evidence of Dr. Johnson establishes disability when properly credited.    Defendant should not be given endless opportunities to correct his mistakes while plaintiff, who is of advanced age, Tr. 243, and has had her application pending for more than six years, waits for an error-free decision.    See Hammock v. Bowen, 879 F.2d 498 (9th Cir. 1989) (appropriate for court to credit improperly rejected testimony as true when claimant was of advanced age and had already experienced a severe delay in her application).

CONCLUSION

I recommend that the Commissioner's decision be reversed and remanded for a determination of benefits.

SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge.    Objections, if any, are due November 24, 2009.    If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due December 8, 2009.    When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

IT IS SO ORDERED.

Dated this  9th   day of  November   , 2009.


  /s/ Dennis James Hubel
————————————————————————————————
Dennis James Hubel
United States Magistrate Judge


12 - FINDINGS & RECOMMENDATION